IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH WAYNE BIGGINS, 837224,    ) | |
|             Petitioner,    ) | |
|     ) | |
| v.    ) | No. 3:06-CV-1098-B |
|     ) | ECF |
| NATHANIEL QUARTERMAN, Director    ) | |
| TDCJ-CID,    ) | |
|             Respondent.    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Nathaniel Quarterman, Director of the TDCJ-CID.

**Statement of the Case:** Petitioner was convicted of two counts of aggravated robbery with a shotgun and one count of aggravated robbery with a knife, enhanced by three prior felony convictions. *State of Texas v. Biggins*, No. F-23460-CR (Jud. Dist. Ct. No. 40, Ellis County, Tex., Aug. 12, 1998). Petitioner was sentenced to life imprisonment. Petitioner's conviction

was affirmed on appeal. *Biggins v. State*, No. 10-98-0302-CR (Tex. App. – Waco, March 10, 1999, no pet.).

On January 25, 2000, Petitioner filed a state application for writ of habeas corpus. *Ex parte Biggins*, Application No. 45,086-01. On April 12, 2000, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On December 21, 2005, Petitioner filed a second state habeas application. *Ex parte Biggins*, Application No. 45,086-02. On January 18, 2006, the Court of Criminal Appeals dismissed the petition. Petitioner filed a third state application for habeas relief. *Ex parte Biggins*, Application No. 45,086-04. On March 29, 2006, the Court of Criminal Appeals dismissed the petition.

On March 12, 2001, Petitioner filed a federal petition for writ of habeas corpus. *Biggins v. Cockrell*, 3:01-CV-476-R (N.D. Tex, filed March 12, 2001). On July 14, 2003, the Court dismissed the petition as time-barred.

On May 31, 2006, Petitioner filed the instant federal petition. He argues his conviction and sentence are unlawful because: (1) he was subjected to successive prosecutions for the same offense; (2) his prosecution was barred by collateral estoppel; and (3) he received ineffective assistance of counsel.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge** -2-

have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 28th day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).